UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RAYMOND NEIL WOODMANSEE, JR.,

        Petitioner,                                      Case No. 1:17-cv-600

v.                                                                Honorable Janet T. Neff

SHANE JACKSON,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner Raymond Neil Woodmansee, Jr., presently is incarcerated at the Carson City Correctional Facility. Petitioner pleaded nolo contendere in the Barry County Circuit Court to one count of possession of methamphetamine in Case No. 12-186-FC and one count of operating/maintaining a laboratory involving methamphetamine in Case No. 12-154-FC. In exchange for Petitioner's plea, the prosecutor dismissed several other drug charges and the fourth habitual offender notice in each of the cases. On September 12, 2012, the trial court sentenced Petitioner to imprisonment for 5 to 23 months on the possession conviction and 51 to 85 months on the operating/maintaining a laboratory conviction.

Petitioner filed a motion to withdraw his guilty plea on the ground that the plea was unknowing due to ineffective assistance of his trial counsel. Counsel allegedly failed to discover Petitioner's 1986 conviction for second-degree criminal sexual conduct (CSC II), and, thus, did not inform Petitioner that he would have to register as a sex offender as a consequence of his guilty plea. Following an evidentiary hearing, the trial court denied Petitioner's motion. Petitioner's appellate counsel raised the same issue in a delayed application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied Petitioner's delayed application for leave to appeal on September 10, 2013, for lack of merit in the grounds presented. Petitioner filed a *pro per* application for leave to appeal in the Michigan Supreme Court in which he raised the issue presented in the court of appeals, as well as new claims of error. On December 23, 2013, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed by the court.

Petitioner filed a habeas petition in 2014, *see Woodmansee v. Burton*, No. 1:14-cv-1010 (W.D. Mich.), raising the following grounds for habeas corpus relief:

  I.   6th Amend. Ineffective Assistance of Counsel, Denial of Counsel, etc.

  II.  Abuse of the (5th Amend. 14th Amend. violations) by Trial Court Denied Defendant's Right to Withdraw Plea/Upward Departure of Plea/Sentence

  III. Ineffective Assistance of Appellate Counsel

  IV.  8th Amend. Violation (Cruel and Unusual Punishment), by Court Officer, P.S.I. Reporter/Parole, Probation

(1:14-cv-1010, ECF No. #1, Page ID##6-10. (verbatim).)  The Court concluded that the petition raised claims that were not fully exhausted and dismissed the petition without prejudice.

Petitioner filed a motion for relief from judgment in the Barry County Circuit Court, raising his new claims.  The trial court denied the motion on January 2, 2015.  Petitioner sought leave to appeal to the Michigan Court of Appeals, which denied the application on September 11, 2015, on the ground that Petitioner had failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D).  Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on September 27, 2016.

In this second habeas petition, Petitioner raises the same four issues, worded slightly differently.  Petitioner filed his application on or about June 28, 2017.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on June 28, 2017, and it was received by the Court on July 3, 2017.  Thus, it must have been handed to prison officials for mailing at some time between those dates.  For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's habeas application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on December 23, 2013. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on March 23, 2014.

Petitioner had one year from March 23, 2014, in which to file his habeas application. Petitioner filed on June 28, 2016. Obviously, Petitioner filed his application more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

According to his habeas application, Petitioner filed a motion for relief from judgment on November 19, 2013, after 257 days of his one-year limitations period had expired. His motion tolled the running of the limitations period with 108 days remaining. The trial court denied the motion on January 2, 2015. Petitioner sought leave to appeal to the Michigan Court of Appeals, which denied the application on September 11, 2015, on the ground that Petitioner had failed to meet

the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D). Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on September 27, 2016. His habeas limitation period therefore expired on Friday, January 13, 2017, more than five months before he filed the instant habeas petition on June 28, 2017.

      The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

      Petitioner has failed to allege any facts or circumstances that would warrant equitable tolling in this case. He suggests only that the clerk of the Michigan Supreme Court erred in rejecting his motion for reconsideration of the supreme court's September 27, 2016, order denying leave to appeal. He argues that he put it in the prison mail in sufficient time and that, under the prisoner mailbox rule, his motion should have been deemed timely. The clerk, however, relying on the MICH. CT. R. 7.3015(C)(4), held that the mailbox rule of the Michigan Supreme Court applied only

to the application for leave to appeal, not to any subsequent motions. (Mich. Ct. Letter, ECF No. 1-2, PageID.70.) Although he does not directly state that he should be entitled to the extra 21 days allowed for filing such a motion, he argues strenuously that the clerk acted without authority to reject the motion. However, it is not the province of a federal habeas court to re-examine state-law determinations on state-law questions or practices. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983). As a result, the state-court's decision to reject his motion for reconsideration "binds" this Court. *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76).

Moreover, Petitioner's statute of limitations was not tolled during the three-week period when Petitioner could have, but did not, file a *timely* motion for reconsideration of the Michigan Supreme Court's order. In *Scarber v. Palmer*, 808 F.3d 1093 (6th Cir. 2015), the Sixth Circuit expressly rejected that notion, stating in part:

> We hold that the limitation period resumed running the day after the Michigan Supreme Court upheld the denial of Scarber's request for leave to appeal. AEDPA's limitation period begins to run after "the expiration of the time for seeking [direct review]." § 2244(d)(1)(A) (emphasis added). In contrast, it is tolled when "a properly filed application for State postconviction or other collateral review . . . is pending." § 2244(d)(2) (emphasis added). "The linguistic difference is not insignificant." *Lawrence v. Florida*, 549 U.S. 327, 334 (2007). Congress instructed that the limitation period commences only after "the time for seeking" direct review has expired. That language covers situations where a defendant may, but does not, petition for certiorari. *Id.* at 333. Such was the case here. Congress was less forgiving when it came to tolling during collateral review, requiring a "properly filed application" to be "pending" before the state court. Such was not the case here. If Scarber had resuscitated his petition by seeking reconsideration, the limitation period would have been tolled because an application for state review would still have been pending. *See Sherwood v. Prelesnik*, 579 F.3d 581, 587 (6th Cir. 2009) (petitioner "actually filed a timely motion for reconsideration"). However, the AEDPA limitation period does not stop running for a petitioner who had the opportunity to, but did not, file a motion for reconsideration.

*Id.* at 1095-96; *see also Giles v. Beckstrom*, 826 F.3d 321, 323-25 (6th Cir. 2016) (holding that the formalistic state-court procedure of labeling a decision as final 21 days after the opinion is entered, to allow for reconsideration, does not render the issue "pending" for purposes of tolling the statute of limitations). As a result, Petitioner's period of limitations was not extended by his belated attempt to file a motion for reconsideration in the Michigan Supreme Court.[2]

Finally, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant equitable tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence

---

[2] I note that, even if the time for filing were deemed extended by 21 days, it would not benefit Petitioner, whose habeas application was filed more than 5 months late.

in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner neither claims nor proffers new evidence of his actual innocence. He therefore is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1) under the actual-innocence exception.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the undersigned must also consider whether a certificate of appealability should be granted. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the

grant of a certificate. *Id.* The undersigned finds that reasonable jurists could not debate that Petitioner's claim is procedurally barred because it is untimely. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, I recommend that a certificate of appealability should be denied.

Date:  July 13, 2017                               /s/ Ellen S. Carmody
                                                   ELLEN S. CARMODY
                                                   United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).