UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RAYMOND NEIL WOODMANSEE, JR.,

      Petitioner,

                                            Case No. 1:17-cv-600

v.

                                            HON. JANET T. NEFF

SHANE JACKSON,

      Respondent.

_____/


**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as time barred (ECF No. 6). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (ECF No. 7). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

I. Objections to Orders

Petitioner asserts objections to the Magistrate Judge's orders denying his motion to appoint counsel and granting leave to proceed in forma pauperis, entered the same day as the Report and Recommendation. Although such objections do not affect the Report and Recommendation analysis or time-bar conclusion, the Court briefly addresses these matters.

Petitioner objects to the order granting him leave to proceed in forma pauperis (ECF No. 4). He states that he authorized disbursement of the $5.00 filing fee, to be paid from his prison account, as shown on the disbursement authorization form (ECF No. 7-1), and he asks the Court to correct the record to reflect that he paid the $5 filing fee. The Court has reviewed the docket in this case and Petitioner's prior habeas case (Case No. 1:14-cv-1010 (W.D. Mich.)) and finds no record of the filing fee being paid. The Court notes that the disbursement authorization provided by Petitioner has the case number of the prior case, and requests payment to the "State of Michigan, not this Court (ECF No. 7 at PageID.267). Nonetheless, an extensive search by the Court Clerk's office found no payment of the $5.00 filing fee for this case and no record of a disbursement of the $5.00 fee by the Michigan Department of Corrections to the Court on Petitioner's behalf. Thus, the Court finds no basis for altering the record, and this objection is denied.

Petitioner objects to the denial of his motion to appoint counsel. The Magistrate Judge properly applied the governing law and concluded that the assistance of counsel did not appear necessary to the proper presentation of Petitioner's position. Petitioner provides no circumstances that undermine that determination.

## II. Report and Recommendation Objection

Petitioner asserts that the Report and Recommendation is "with error and unfactual" because of misleading statements concerning sentencing, his due process rights to access the courts, and other constitutional issues raised in his Petition, and he objects to the conclusion that his Petition is time-barred (Pet'r Obj., ECF No. 7 at PageID.259). Petitioner cites the Opinion filed in his prior petition for a writ of habeas corpus (1:14-cv-1010, ECF No. 4) in support of his "assumption" that he "would not be in jepordy [sic] of being time barred" if he filed a motion for relief from judgment in the state court to exhaust certain claims (ECF No. 7 at PageID.259).

However, the Opinion clearly stated "absent tolling, Petitioner would have one year, *until March 23, 2015*, in which to file his habeas petition" (1:14-cv-1010, ECF No. 4 at PageID.274, emphasis added). The Opinion stated further:

> Petitioner has more than sixty days remaining in this limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time *before the expiration of the limitations period* (*id*. at 274-275, emphasis added).

Petitioner's assumption provides no basis for avoiding the time-bar under the statute of limitations.

Petitioner references equitable tolling and states that it may be grounds for a viable action even after the statute of limitations has expired (ECF No.7 at PageID.261). However, Petitioner asserts no grounds to support equitable tolling, which as noted in the Report and Recommendation should be applied "sparingly" (*see* ECF No. 6 at PageID.251). Petitioner fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. This objection is denied.

### III. Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 7) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 6) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated:  December 13, 2017                                    /s/ Janet T. Neff
                                                             JANET T. NEFF
                                                             United States District Judge

4